IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST CENTER FOR
BIOLOGICAL DIVERSITY;
DAVID HOGAN

                Plaintiffs,                Civ. No. 98-769-HB/JHG

JAMIE RAPPAPORT CLARK, in
his official capacity as Acting Director
of the United States Fish and Wildlife
Service; UNITED STATES FISH
AND WILDLIFE SERVICE; BRUCE
BABBITT, in his official capacity as
Secretary of the Interior; UNITED STATES
DEPARTMENT OF INTERIOR,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the following motions: (1) Plaintiffs' Motion to Expedite Ruling on Applicant's Motion to Intervene; and (2) Phelps Dodge Corporation's Motion to Intervene. Pursuant to Fed.R.Civ.P. 24(a)(2), Phelps Dodge Corporation (Phelps Dodge) moves the Court for leave to intervene as of right in this matter. Alternatively, Phelps Dodge moves for permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2). Plaintiffs oppose Phelps Dodge's motion to intervene, claiming Phelps Dodge has failed to demonstrate it has a "protectable interest" that will be impaired or impeded in this action. Additionally, Plaintiffs claim that even if the Court finds that Phelps Dodge's has a protectable interest, it is adequately represented by the Defendants in this case. Defendants also oppose the motion to intervene, claiming Phelps Dodge Corporation's has not established either that its interests may be impaired

or impeded by the outcome of this litigation or that its interests are not adequately represented by the current parties. Plaintiffs' motion to expedite is unopposed. Having reviewed the motions, the memoranda in support and in opposition, and the applicable law, the Court finds that the motions are well taken and will be granted.

## I. Factual Background

Plaintiff Southwest Center for Biological Diversity (SWCBD) is a non-profit corporation with its main office in Tucson, Arizona. SWCBD is actively involved in species and habitat protection issues in Arizona, New Mexico, throughout the southwestern United States, and northern Mexico. Plaintiff David Hogan lives in Tucson, Arizona and also is actively involved in species and habitat protection in Arizona, New Mexico, throughout the southwestern United States, and northern Mexico.

Plaintiffs brought this action against Defendants to compel them to re-designate critical habitat for two endangered fish species, the spikedace and loach minnow.[1] Plaintiffs allege Defendants' failure to re-designate critical habitat constitutes a violation of the Endangered Species Act (ESA), 16 U.S.C. §§ 1531 *et seq.* Plaintiffs claim the distribution and numbers of both species have been "severely decreased by habitat destruction through damming, channel alteration, riparian destruction, channel downcutting, water diversion, groundwater pumping, and introduction of exotic predatory and competitive species." Pls.' First Am. Compl. ¶ 13. Plaintiffs request the Court "declare that the Defendants have violated the Endangered Species Act and the Administrative Procedure Act by failing to issue new final decisions on designation of critical

---

[1] Plaintiffs originally filed this action on August 14, 1997, in the United States District Court for the District of Arizona. On March 13, 1998, the Honorable Nancy Fiora transferred this case to the United States District Court for the District of New Mexico.

habitat for the spikedace and loach minnow." Pls.' First Am. Compl. Plaintiffs further request the Court "enjoin the defendants to issue final decisions on designation of critical habitat for the loach minnow and spikedace, including proposed rules prior to the final decisions." *Id.*

Phelps Dodge has substantial property holdings and operations in New Mexico and owns and operates the Tyrone Mine which is located approximately eight miles south of Silver City. The Tyrone Mine is the second leading copper producing mine in New Mexico. It employs approximately 547 individuals and produces an average of 159,000,000 pounds of copper per year for the years 1996 through 1997. In 1997, the Tyrone Mine had an employee payroll of approximately $29,000,000. The Tyrone Mine paid approximately $51,000 in taxes to Grant County, New Mexico and paid approximately $2.8 million in taxes, excluding income taxes, to the State of New Mexico.

Because Phelps Dodge engages in water diversion from the Gila River for its operation, Phelps Dodge contends that designation of critical habitat for the spikedace and loach minnow in the Tyrone area could seriously impact the operation of its Tyrone Mine. Phelps Dodge also claims it could be denied the necessary permits it requires to continue its operation.[2] Section 7 of the ESA requires federal agencies to ensure that none of their activities, including the granting of permits, will "result in the destruction or adverse modification of habitat of such species which is

---

[2] Phelps Dodge requires several permits for its activities in New Mexico. In order to transport water by pipeline from Bill Evans Reservoir over the Gila National Forest to the Tyrone Mine, Phelps Dodge requires a permit from the United States Forest Service. The cleaning and repair of the Phelps Dodge diversion facilities in the Gila River require permits from the United States Army Corps of Engineers. Additionally, excavations by Phelps Dodge along the banks of the Gila River incidental to its operation require a Clean Act permit.

determined by the Secretary . . . to be critical . . . ." 16 U.S.C. § 1536(a)(2).

## II. DISCUSSION

Pursuant to Fed.R.Civ.P. 24(a)(2), an applicant may intervene as of right if: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties. *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of the Interior*, 100 F.3d 837, 840 (10th Cir. 1996). There is no dispute that Phelps Dodge's motion to intervene is timely.

### A. Protectable Interest

Phelps Dodge must first show it has "an interest relating to the property or transaction which is the subject of the action." Fed.R.Civ.P 24(a)(2). The Tenth Circuit requires that "the interest in the proceeding be 'direct, substantial and legally protectable.'" *Coalition of Counties*, 100 F.3d at 840. "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is highly fact-specific determination." *Id.* at 841. Moreover, the Tenth Circuit has tended to follow a somewhat liberal line in allowing intervention. *National Farms Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977).

The Tyrone Mine is dependent on a reliable water source for use both in the mining operations and the mineral processing operations. The Gila River furnishes approximately 75% of all the water used by Phelps Dodge's operation at it Tyrone Mine. Phelps Dodge holds the right under New Mexico law to divert 13,783 acre feet of water per year from the Gila River near Tyrone pursuant to License No. 02260 issued by the New Mexico State Engineer's office. The

point of diversion for this water on the Gila River is within and upstream from the critical habitat that was formerly designated for the spikedace and loach minnow.  According to Phelps Dodge, at least once or twice each year it is necessary for Phelps Dodge to use heavy excavation equipment and other equipment within the riverbed and banks of the Gila River to clean and repair the diversion facilities.

The facilities that Phelps Dodge uses to divert water from the Gila River consist of a concrete apron constructed across the river which directs water to a canal and pumping plant which pumps the water into the Bill Evans Reservoir.  The water is then pumped from Bill Evans Reservoir and transported by pipeline over a part of the Gila National Forest to the Tyrone Mine.  Phelps Dodge constructed Bill Evans Reservoir in 1969 in order to supply the Tyrone Mine with water from the Gila River.

Phelps Dodge also owns property in the Tyrone area on both sides of and adjoining the Gila River along approximately fifteen miles of the river that had formerly been designated critical habitat for both the spikedace and loach minnow.  Pacific Western Land Company, a subsidiary of Phelps Dodge, leases that land and adjoining land for grazing of approximately 1,500 head of cattle.

Phelps Dodge contends these interests are legally protectable interests relating to the subject of this action.  The Court agrees.

### B.  Phelps Dodge's Interests May be Impaired

To satisfy the second element under Rule 24(a)(2), Phelps Dodge must show that the disposition of the Plaintiffs' suit against the Defendants may as a practical matter impair or impede its ability to protect that interest.  Fed.R.Civ.P. 24(a)(2).  "Such impairment or impediment need

not be 'of a strictly legal nature.'" *Coalition of Counties*, 100 F.3d at 844 (quoting *Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)). The Court "may consider any significant legal effect in the applicant's interest and is not restricted to a rigid res judicata test." *Id.* The *stare decisis* effect of this Court's judgment is sufficient impairment for intervention under Rule 24(a)(2). *Id.*

Because SWCBD and the Government have in the past been able to enter into stipulated agreements that have resulted in SWCBD being granted the relief it sought, Phelps Dodge argues it will be foreclosed from arguing its position to the Court if the parties enter into a stipulated agreement in this case. Being fully apprised of the history of the litigation between SWCBD and the Government, the Court finds that the disposition of Plaintiffs' suit against Defendants <u>may</u> as a practical matter impair or impede Phelps Dodge's ability to protect its interests.

### C. Phelps Dodge's Interests Are Not Adequately Represented by Defendants

In order to intervene in this case, Phelps Dodge must demonstrate that its interests are not adequately represented by the existing parties. Fed.R.Civ.P. 24(a)(2). However, the burden is minimal. *Coalition of Counties*, 100 F.3d at 844. "An applicant may fulfill this burden by showing collusion between the representative and an opposing party, that the representative has an interest adverse to the applicant, or that the representative failed in fulfilling his duty to represent the applicant's interest.'" *Id.* at 844-45 (quoting *Sanguine, Ltd. v. United States Dep't of Interior,* 736 F.2d 1416, 1419 (10th Cir. 1984)). Furthermore, '"the possibility of divergence of interest need not be great in order to satisfy the burden of the applicants.'" *Id. at 845* (quoting *Natural Resources*, 578 F.2d at 1346).

In this case, Phelps Dodge has carried its burden. Because Phelps Dodge's interests differ

from the interests of the government, the Court finds that the Government may not adequately represent Phelps Dodge's interests.

For the foregoing reasons, the Court finds that Phelps Dodge have met its burden under Fed.R.Civ.P. 24(a), and therefore the motion to intervene is granted. However, the Court will restrict Phelps Dodge to responding to dispositive motions filed by Plaintiffs or Defendants. Phelps Dodge must seek leave of the Court if it wishes to file any dispositive motions.

NOW THEREFORE,

IT IS HEREBY ORDERED that Phelps Dodge Corporation's Motion to Intervene is granted.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Expedite Ruling on Applicant's Motion to Intervene is granted.

 

 

HOWARD C. BRATTON
United States District Judge